**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 06-5104**

————————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

YVE BLANC,

                              Defendant - Appellant.

————————————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry F. Floyd, District Judge.
(7:06-cr-00402-HFF)

————————————

Submitted:  August 10, 2007          Decided:  August 27, 2007

————————————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

————————————

Affirmed by unpublished per curiam opinion.

————————————

Andrew J. Johnston, Spartanburg, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Isaac Louis Johnson,
Jr., Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yve Blanc entered a conditional guilty plea to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(2000), and was sentenced to 63 months in prison. (JA 79-85). Blanc timely appealed the denial of his motion to suppress, asserting he was illegally detained and questioned, and that his vehicle was searched in violation of the Fourth Amendment. Finding no error, we affirm.

This court reviews the factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Blanc contends he was unlawfully detained in violation of the Fourth Amendment and that his consent to the search, while voluntary, was the product of an illegal detention. Blanc argues that because the evidence was the product of an illegal search, the court erred in denying the motion to suppress.

Blanc's vehicle was searched without a warrant. Such a search is per se unreasonable absent the existence of a few narrow exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973).

Voluntary consent to a search is such an exception. <u>Ferguson v. City of Charleston</u>, 308 F.3d 380, 396 (4th Cir. 2002).

Deputy Calderone lawfully stopped Blanc for speeding on Interstate 85 in violation of South Carolina law. Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. <u>United States v. Hassan El</u>, 5 F.3d 726, 731 (4th Cir. 1993). A stop for a traffic violation, "does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity." <u>Id.</u> A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. <u>United States v. Brugal</u>, 209 F.3d 353, 358 (4th Cir. 2000). To further detain the driver requires a reasonable suspicion on the part of the investigating officer that criminal activity is afoot. <u>Id.</u>. In determining whether there was reasonable suspicion, the court must look at the totality of the circumstances. <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989). Additionally, officers are permitted to draw on their experience and specialized training to make inferences from and deductions about cumulative evidence. <u>United States v. Arvizu</u>, 534 U.S. 266, 273 (2002). Thus, a person's behavior, though appearing innocent, may raise questions justifying a detention when viewed in the

totality and combined with the police officer's knowledge and experience. <u>Illinois v. Wardlow</u>, 528 U.S. 119, 125-26 (2000).

Blanc alleges that Deputy Calderone unlawfully detained him beyond the traffic stop with questions about his travel plans, employment, the car rental, and contraband in the vehicle, because Calderone had no reasonable suspicion to continue to question him. Calderone articulated the following reasons why he suspected criminal activity was afoot: (1) Blanc provided vague and deceptive information about his visit to Charlotte and where his girlfriend lived; (2) Blanc appeared evasive about his employment; (3) Blanc was driving a rental car, rented in Houston, Texas, that was overdue by three weeks, and drug traffickers frequently drove rental cars; (4) in his experience in drug interdiction, Miami, Atlanta, Charlotte, and Houston, all cities with which Blanc was linked, were source cities for drug trafficking, and Interstate 85 was a major drug trafficking highway; and (5) Calderone's partner, Lt. Hightower, indicated he thought he smelled marijuana in Blanc's vehicle. Therefore, Calderone drew an inference based on these observations and the cumulative evidence that Blanc was carrying contraband.

At this point in the stop, in light of the totality of the circumstances, we conclude it was not unreasonable for Deputy Calderone to believe there was reasonable suspicion that Blanc was engaged in criminal activity. However, Calderone did not arrest

Blanc at this time, but instead, merely asked Blanc for consent to search his vehicle.  By his own admission Blanc gave his consent to the search.

"A defendant who voluntarily consents to a search waives his Fourth Amendment rights, and the police officer may conduct the search without probable cause or a warrant."  United States v. Perrin, 45 F.3d 869, 875 (4th Cir. 1995).  In assessing voluntariness of the consent, the court examines the totality of the circumstances including factors such as the characteristics of the accused, his education and intelligence, the number of officers present, along with the location and duration of the stop.  United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996).  Here, the encounter remained consensual because Blanc voluntarily cooperated with Deputy Calderone.  See United States v. Weaver, 282 F.3d 302, 309-10 (4th Cir. 2002).  The stop was along the side of the interstate and was no longer than necessary to run a license check, write a ticket, and obtain information about Blanc's travel plans.  There were two officers at the scene, neither drew a weapon, nor was Blanc placed in handcuffs at any time.  Deputy Calderone asked Blanc if he could search his vehicle within eight minutes of the stop.  As the district court noted, nothing in the record indicates that Blanc's consent was involuntary.  The circumstances were not coercive, deceptive, or intimidating.

We conclude Deputy Calderone possessed a reasonable suspicion that Blanc was engaged in criminal activity and thus had a right to detain Blanc.  Once Blanc voluntarily consented to the search of his vehicle, he waived his Fourth Amendment rights. Accordingly, the district court properly denied Blanc's motion to suppress.

Accordingly, we affirm Blanc's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED